IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BK GILL, INC., individually and d/b/a BK Food Mart,<br><br>        Defendant.[1] | 2:06-cv-1910-GEB-KJM<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled for November 20, 2006, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed August 25, 2006, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

1  defendants would be deemed abandoned and a dismissal order would
2  follow).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT[2]

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

In the JSR, Defendant "request[s] a 90 day hold on discovery to allow the parties to engage in meaningful settlement discussions without incurring unnecessary litigation expenses."  (JSR at 4.) Since the discovery deadlines set herein provide ample time for the parties to attempt settlement, Defendant's request is denied.

All discovery shall be completed by January 10, 2008.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has

---

[2]  Defendant's statement in the JSR that it "would like to reserve the right to add third parties at a later date" and the parties' statements that they "reserve the right" to amend the pleadings are too imprecise to except the referenced possible amendments from the "good cause" standard. "Parties anticipating possible amendments . . . have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the . . . timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

been complied with or, alternatively, the time allowed for such compliance shall have expired.[3]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before August 10, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before September 10, 2007.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be March 10, 2008, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[3] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[4] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

3

      (1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

      (2)  The Court committed clear error or the initial decision was manifestly unjust; or

      (3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

      The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

      The final pretrial conference is set for May 12, 2008, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

      The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

      The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial

1  conference.⁵  The joint pretrial statement shall specify the issues
2  for trial.  The Court uses the parties' joint pretrial statement to
3  prepare its final pretrial order and could issue the final pretrial
4  order without holding the scheduled final pretrial conference.  See
5  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
6  requirement that the court hold a pretrial conference.").  The final
7  pretrial order supersedes the pleadings and controls the facts and
8  issues which may be presented at trial.  Issues asserted in pleadings
9  which are not preserved for trial in the final pretrial order cannot
10 be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
11 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
12 pretrial order are eliminated from the action."); Valley Ranch Dev.
13 Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
14 issue omitted from the pretrial order is waived, even if it appeared
15 in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
16 (D.D.C. 1995) (refusing to modify the pretrial order to allow
17 assertion of a previously-pled statute of limitations defense);
18 Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
19 (indicating that "[a]ny factual contention, legal contention, any
20 claim for relief or defense in whole or in part, or affirmative matter
21 not set forth in [the pretrial statement] shall be deemed . . .
22 withdrawn, notwithstanding the contentions of any pleadings or other
23 papers previously filed [in the action]").

---

⁵   The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for August 12, 2008, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  November 14, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge